MCI TELECOMMUNICATIONS CORPORATION, APPELLANT, *v.* PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as MCI Telecommunications Corp. *v.* Pub. Util. Comm. (1987), 31 Ohio St. 3d 604.]

(No. 87-1087—Decided July 15, 1987.)

*Stephanie D. Pestello, Anne E. Johnston* and *Ronald W. Gavillet,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren* and *Ann E. Henkener,* for appellee.

*Ellen A. D'Amato,* for intervening appellee United Telephone Company of Ohio.

*Donald W. Morrison, M. Lee Graft* and *Charles S. Rawlings,* for intervening appellee Ohio Bell Telephone Company.

The application for stay of execution is granted.

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. On June 26, 1987, appellant, MCI Telecommunications Corporation, filed an "Application for Stay" in the above styled case. In the application, appellant "* * * moves that this Honorable Court stay the orders of the Public Utilities Commission of Ohio, entered in the above-referenced case on March 12, 1987 and April 29, 1987, pending a decision by this Court on the merits of MCI's appeal. * * *" Because the majority of this court votes to grant the requested stay, and I strongly disagree with that decision, I write to express my reasons for dissent.

It is difficult, if not impossible, to determine what matter or matters appellant is requesting be stayed. It is even more incomprehensible that this court grants a *blanket* stay of two commission orders, one of which contains far more in substance than that which is at issue between the parties. It will be a neat trick indeed to stay the March 12, 1987 order, portions of which have already been implemented and are accomplished fact and other parts which have been placed into execution and are continuing.

R.C. 4903.15 provides that orders of the commission are "* * * effective immediately upon entry thereof upon the journal of the public utilities commission." Pursuant to this provision, the order of the commission of March 12, 1987 became effective when it was entered upon the journal. In accordance with this order, many of those matters with which the order was concerned have been carried out, including the distribution of over $45,000,000 that this court now says must be stayed. How? Why did not appellant seek a stay of the commission's order upon entry of the order? In now attempting to interrupt and put on hold such matters as the access charges, pooling procedures, billing procedures, rate mechanism and reduced toll rates, some of which have already been implemented, appellant and a majority of this court are not only being unfair—they are being unrealistic.

Next, in granting the stay, the majority has summarily ignored R.C. 4903.16. Is this because a utility is now a favored party before this court? The statute provides that if a stay is granted, "* * * the appellant shall execute an undertaking, payable to the state in such a sum as the supreme court prescribes * * * conditioned for the prompt payment by the appellant of all damages caused by the delay in the enforcement of the order complained of * * *." No such requirement has been imposed upon appellant herein. It would seem that before granting the stay, the majority should at least consider the dictates of R.C. 4903.16 and the third paragraph of the syllabus of *Columbus* v. *Pub. Util. Comm.* (1959), 170 Ohio St. 105, 10 O.O. 2d 4, 163 N.E. 2d 167.

Finally, if a stay is to be granted in this case, the opportunity now is present for this court to establish standards that should be met before a stay of a commission's order is granted. R.C. 4903.16 does not detail under what circumstances a stay should be granted or, conversely, denied.

Research indicates that this court has never enunciated criteria detailing the circumstances and conditions upon which a stay will be granted.

Orders of the Public Utilities Commission have effect on everyone in this state—individuals, business and industry. When the commission issues an order, after the thorough review generally given by the commission and its experts, a stay of that order should only be given after substantial thought and consideration—if at all, and then only where certain standards are met. These standards should include consideration of whether the seeker of the stay has made a strong showing of the likelihood of prevailing on the merits; whether the party seeking the stay has shown that without a stay irreparable harm will be suffered; whether or not, if the stay is issued, substantial harm to other parties would result; and, above all in these types of cases, where lies the interest of the public.

Appellant herein, in seeking this stay, has alleged that without the stay "* * * MCI will be injured irreparably * * *." Other than this unsupported assertion, none of the tests above detailed has been addressed nor has there been any attempt to make a showing that what appellant is requesting is the proper course of action for this court to follow—never mind the public interest which is the ultimate important consideration for this court in these types of cases.

Accordingly, because it is not clear what is sought to be stayed, because no bond has been required of appellant to secure the losses that might occur to others should the appellant not be successful on appeal, and because this court has not considered what I believe to be the appropriate conditions for the granting of a stay, I dissent from the majority decision to grant a stay.